IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFF O. HANSON,

    Plaintiff,

vs.                                   Case No. 4:13cv514-RH/CAS

LEE GREENFIELD,
TALLAHASSEE POLICE DEPARTMENT,
and CITY OF TALLAHASSEE, FLORIDA,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was removed to this Court on September 13, 2003, doc. 1, and a motion to dismiss was filed by the Defendant Police Department on September 16, 2013. Doc. 3. Plaintiff, a pro se prisoner, was directed to file a response to the motion, doc. 7, and he has now filed a response in opposition. Doc. 13.

The Tallahassee Police Department seeks to dismiss the complaint filed against the Department on the basis that the Department does not have the capacity to sue or be sued. Doc. 3. The Department contends it "is not a legal entity and does not have any legal existence separate and apart from the City of Tallahassee itself." *Id.* at 2. The City is a named Defendant in this case.

In response, Plaintiff asserts that the motion should be denied because "[t]he State Court has appearantly [sic] already determined that the Tallahassee Police Department could be and has been sued and is liable as a state agency per FLA. STAT. § 768.28." Doc. 13. Plaintiff contends there is "no reason that T.P.D. should be excluded from this suit." *Id.*

Plaintiff's complaint as initiated in the Second Judicial Circuit, in and for Leon County, Florida, alleges state law claims and Fourth Amendment claims which are necessarily brought pursuant to 42 U.S.C. § 1983. Doc. 8. It is well established that § 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." However, a city's police department is not an entity that can be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that "Sheriff's departments and police departments are not usually considered legal entities subject to suit," but finding that the capacity to sue or be sued shall be determined by the law of the state in which the district court is held."), *citing* FED. R. CIV. P. 17(b)(3). Under Florida law, a police department is not a registered entity with the State of Florida and is not subject to suit under § 1983. Pierre v. Schlemmer, 932 F.Supp. 278, 280 (M.D. Fla. 1996); Eddy v. City of Miami, 715 F.Supp. 1553 (S.D. Fla. 1989). Accordingly, the motion to dismiss, doc. 3, filed by the Defendant Tallahassee Police Department should be granted and this case should proceed with only the City of Tallahassee and Officer Greenfield as the named Defendants.

In light of the foregoing, it is respectfully **RECOMMENDED** that the Tallahassee Police Department's motion to dismiss, doc. 3, be **GRANTED,** and the case be **REMANDED** for further proceedings against the remaining two Defendants.

**IN CHAMBERS** at Tallahassee, Florida, on October 25, 2013.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**