IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFF O. HANSON,

    Plaintiff,

vs.                              Case No. 4:13cv514-RH/CAS

LEE GREENFIELD,
and CITY OF TALLAHASSEE, FLORIDA,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

The Tallahassee Police Department has been dismissed from this case. Docs. 14, 15. Still pending is a motion to dismiss, doc. 6, filed by the City of Tallahassee and Defendant Lee Greenfield. Plaintiff, a pro se prisoner, was directed to file a response in opposition to the motion by October 22, 2013. Doc. 7. At the time the Order was entered, two motions to dismiss had been filed, and Plaintiff was directed to file a separate response to each motion. *Id.* Plaintiff then filed a motion to amend his complaint, doc. 11, which also contained Plaintiff's response in opposition to the motion to dismiss filed by the City and Defendant Greenfield. Plaintiff's motion to amend was granted, and Plaintiff given until November 12, 2013, in which to file the amended complaint. Doc. 12. Plaintiff was advised that if he failed "to submit an amended

complaint by the deadline provided, the Court" would rule on the pending motion to dismiss and consider Plaintiff's recent filing, doc. 11, as his opposition. Doc. 12 at 2. Plaintiff did not file an amended complaint. Plaintiff filed only a one-page response, doc. 13, which was directed solely to the "Tallahassee Police Department's motion to dismiss," doc. 3. As noted above, that Defendant has now been dismissed.

Thus, the motion to dismiss, doc. 6, has been reviewed along with Plaintiff's opposition, doc. 11. For the reasons explained in greater detail below, the motion should be **GRANTED**.

**Motion to Dismiss, doc. 6**

The motion to dismiss asserts that Plaintiff's claims for false arrest and malicious prosecution fail as a matter of law because there was probable cause to arrest Plaintiff and because Plaintiff was convicted in state court, his claims are barred by Heck v. Humphrey. Doc. 6 at 5-6. Defendant Greenfield also raises qualified immunity as a defense to this action. Furthermore, Defendants assert that Plaintiff's amended complaint fails to state a claim upon which relief may be granted.

**Standard of Review**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted, the Court must consider whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief). The

pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.

**Allegations**

Plaintiff's amended complaint alleged that on June 4, 2011, Plaintiff was stopped by Defendant Greenfield. Doc. 8 at 2. Plaintiff alleged that Defendant told him he was

being stopped because of Plaintiff's "tag light," and Plaintiff contends the Defendant then "fabricated that the Plaintiff was 'knowingly driving while license suspended'" which Plaintiff states is a misdemeanor. *Id.* Plaintiff contends that charge was "an excuse to arrest the Plaintiff." *Id.* Plaintiff alleges that he "denied knowing the driver['s] license was suspended." *Id.* Plaintiff alleged that Defendant Greenfield "immediately handcuffed and arrested the Plaintiff, placed the Plaintiff in a patrol car and began to ransack/search the Plaintiff's vehicle." *Id.* Defendant claimed "he found evidence of a felony during the search and charged the Plaintiff with that also." *Id.*, *citing* Plaintiff's exhibit 1 (doc. 8 at 8).

Plaintiff alleged that he subsequently went to trial separately on the misdemeanor and felony charges. *Id.* Plaintiff "was found guilty and convicted of the felony on March 9, 2012." *Id.* "However, on July 27, 2012, the Plaintiff was found not guilty of the predicate misdemeanor." *Id.* Plaintiff is currently in prison because of "said felony conviction." *Id.* at 3.

Plaintiff claims that he could not be arrested for driving on a suspended license, but only if the charge were elevated to "knowingly" driving on a suspended license. Doc. 8 at 2. Plaintiff contends Defendant Greenfield lied and claimed Plaintiff had admitted to knowing that his driver's license was suspended "so that he could arrest and restrain the Plaintiff while he unreasonably searched the Plaintiffs' vehicle without probable cause or consent." *Id.* As relief, Plaintiff seeks monetary damages and any other relief the Court considers proper. *Id.* at 5.

Plaintiff attached to his amended complaint the first page of the Probable Cause report written by Defendant Greenfield on June 4, 2011. Doc. 8 at 8. The report states

that Plaintiff's vehicle was observed "with no tag lights." *Id.* The Defendant ran the tag while at a stop light and "[t]he registered owner of the vehicle came back as having a suspended drivers license." *Id.* A traffic stop was initiated and Defendant Greenfield spoke with Plaintiff, the driver of the vehicle. *Id.* Plaintiff produced his Florida driver's license, and Plaintiff admitted he was the registered owner of the vehicle. *Id.* Defendant Greenfield attempted to verify Plaintiff's license and "checked through JIS and David and discovered the license was suspended . . . ." *Id.* Defendant Greenfield "went back to the vehicle, and placed the driver [Plaintiff] into custody for driving on a suspended license." *Id.* Plaintiff "also freely admitted the license was suspended, and [said] that he now has insurance." *Id.* Three charges were listed on the report: driving with license suspended or revoked with knowledge, possession of a firearm with altered serial number, and possession of a firearm by a convicted Florida felon. *Id.*

**Analysis**

Judicial notice is taken that Plaintiff's conviction for possession of a firearm by a convicted felon has not been overturned or vacated. Indeed, Plaintiff currently has a habeas petition pending in this Court challenging that conviction.[1] *See* case number 4:13cv16-MW/CAS.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence does not accrue until the plaintiff can demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid. Heck, at 487, 114 S.Ct. at 2372; *see also*

---

[1] Respondents filed an Answer, doc. 28, on January 27, 2014.

Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), (quoting Heck and holding that for a § 1983 plaintiff to recover damages for an allegedly unconstitutional conviction, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). This has been referred to as the "favorable termination" requirement. See Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998). Here, Plaintiff cannot bring a false arrest claim because he is unable to demonstrate the favorable termination requirement in light of the fact that Plaintiff's conviction for the possession of a firearm charge remains outstanding. That is so because Plaintiff cannot claim there was a lack of probable cause to arrest him on June 4, 2011, for driving with a suspended license when he was simultaneously arrested for the possession charge.[2] Because Plaintiff's false arrest claim would undermine Plaintiff's subsequent conviction, it is barred by Heck.

**Malicious Prosecution**

Notwithstanding, there are circumstances in which the favorable termination of one charge would allow a plaintiff to proceed with a claim that another charge was maliciously prosecuted. That is what Plaintiff has attempted to do here. Plaintiff alleged he was found "not guilty" of the driving while license suspended or revoked charge. Attached to Plaintiff's amended complaint is the Verdict entered after a Bench Trial which supports Plaintiff's claim. Doc. 8 at 9.

---

[2] Plaintiff was charged with three offenses at the time of his arrest as demonstrated by the probable cause affidavit attached to his amended complaint.

To state a § 1983 claim for malicious prosecution, Plaintiff must allege six elements: (1) the commencement or continuation of an original civil or criminal proceeding; (2) the present defendant was the legal cause of that original proceeding; (3) the bona fide termination of the proceeding in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice on the part of the present defendant; and (6) damages to the plaintiff because of the proceeding. Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004), *cited in* Blackshear v. City of Miami Beach, 799 F.Supp.2d 1338, 1347 (S.D. Fla. 2011). A plaintiff's inability to satisfy any of the six elements defeats the action. Scozari v. Barone, 546 So.2d 750, 751 (Fla. 2d DCA 1989).

Focusing on element number four, it is well established that for "probable cause" to exist, "an arrest [must] be objectively reasonable under the totality of the circumstances." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998), *quoting* Bailey v. Board of Cnty. Comm'rs, 956 F.2d 1112, 1119 (11th Cir.), cert. denied, 113 S.Ct. 98 (1992). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Rankin, 33 F.3d at (other citations omitted). "Probable cause requires more than mere suspicion, but does not require convincing proof." Bailey, 956 F.2d at 1120, *quoted in* Rankin, 133 F.3d at 1435. Furthermore, the question of probable cause is an objective one, asking whether a "reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer." Rankin, 133 F.3d at 1433.

Review of the probable cause affidavit demonstrates that Defendant Greenfield had probable cause to charge Plaintiff with driving while license suspended or revoked. Prior to stopping Plaintiff's vehicle, Defendant "ran" Plaintiff's tag and was provided information that the vehicle owner had a suspended driver's license. After stopping the vehicle, Defendant Greenfield spoke with Plaintiff who stated he was the registered owner of the vehicle. Plaintiff surrendered his driver's license and Defendant Greenfield verified again through both JIS and David that Plaintiff's license was suspended. Doc. 8 at 8. Although Plaintiff disputes that he admitted knowing his license was suspended, having verified through both JIS and David that Plaintiff's license was suspended was sufficient. A reasonable person would have believed, given the totality of these circumstances, that there was sufficient evidence to charge Plaintiff with driving with a suspended license regardless of whether Plaintiff admitted it or not.

Moreover, Plaintiff cannot succeed on this claim because he failed to allege having suffered any harm, the sixth required element. Plaintiff was arrested and charged with several crimes. Notwithstanding that Plaintiff was found "not guilty" on one charge, he was found guilty on the more serious possession of a firearm charge. Plaintiff was still held in custody and is now in prison because of that conviction. Thus, Plaintiff was not harmed by also having been charged with driving with a suspended license because Plaintiff was still detained on the possession charge. *See* Sevostiyanova v. Cobb Cnty., No. 1:09cv2681, 2013 WL 4084666, at *1 (N.D. Ga. Aug. 13, 2013) (finding that plaintiff did not produce "any evidence of harm suffered by Ayers' inclusion of charges for driving without insurance and no proof of insurance in the affidavit securing an arrest warrant, because the arrest warrant also included two counts

of hit-and-run, which were supported by probable cause."). Accordingly, the motion to dismiss should be granted as Plaintiff's amended complaint fails to state a claim for malicious prosecution.

To the degree Plaintiff also asserts a claim for "professional negligence," doc. 8 at 2, that claim is insufficient. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Accordingly, Plaintiff's negligence claim is insufficient on its face and the motion to dismiss should be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 6, be **GRANTED**, that Plaintiff's amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and because it is barred by Heck v. Humphrey, that all other pending motions be **DENIED**, and judgment be **ENTERED** in favor of the Defendants.

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2014.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**