IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CLIFF O. HANSON,

    Plaintiff,

v.                            CASE NO. 4:13cv514-RH/CAS

LEE GREENFIELD and
CITY OF TALLAHASSEE, FLORIDA,

    Defendants.

_____/

## ORDER OF DISMISSAL

A City of Tallahassee police officer arrested the plaintiff for knowingly driving with a suspended license. The plaintiff went to trial and was acquitted. The plaintiff now has sued the City and the officer. The defendants have moved to dismiss. This order grants the motion because there was probable cause for the arrest. And the order notes an alternative ground for dismissing the claims against the officer: under case law as it existed at the time (and still exists), a reasonable officer would have believed there was probable cause—even if there was not—thus providing qualified immunity under federal law and eliminating any individual liability under state law.

Case No. 4:13cv514-RH/CAS

I

Florida law makes it a misdemeanor to drive while knowing that one's license is suspended. The plaintiff Cliff O. Hanson was driving with a suspended license. City of Tallahassee police officer Lee Greenfield stopped Mr. Hanson's car because the tail lights were out. A routine license check disclosed the suspended license. Officer Greenfield arrested Mr. Hanson for knowingly driving with a suspended license.

Officer Greenfield says Mr. Hanson admitted that he knew his license was suspended. But Mr. Hanson denies that he knew of the suspension or admitted that he knew. For purposes of this order, I accept as true Mr. Hanson's allegation that the officer had no basis for believing Mr. Hanson *knew* his license was suspended, other than the fact that the license *was* suspended.

Mr. Hanson ultimately was acquitted of knowingly driving with a suspended license. He brought this action against Officer Greenfield, the Tallahassee Police Department, and the City of Tallahassee, asserting claims under 42 U.S.C. § 1983 and Florida law.

II

An earlier order dismissed the claims against the Tallahassee Police Department because the Department is not a suable entity. The motion to dismiss filed by the remaining defendants, Officer Greenfield and the City of Tallahassee,

is before the court on the magistrate judge's second report and recommendation, ECF No. 22, and the objections, ECF No. 23.  I have reviewed *de novo* the issues raised by the objections.

### III

An officer may arrest a person based on probable cause to believe the person has committed even a "very minor criminal offense."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  Knowingly driving with a suspended license qualifies.

Officer Greenfield had solid evidence that Mr. Hanson was in fact driving with a suspended license.  But on Mr. Hanson's version of events, Officer Greenfield had no *other* evidence that Mr. Hanson *knew* his license was suspended.  The question is whether an officer has probable cause to arrest a driver whose license is suspended even when there is no other evidence that the driver *knows* the license is suspended.

The weight of authority indicates the answer is yes.  In *United States v. Everett,* 719 F.2d 1119, 1120 (11th Cir.1983), the court said, "While intent is an element of the crime [of passing counterfeit currency], it is not necessary in order to establish probable cause to arrest."  In *McGuire v. City of New York,* 142 F. App'x 1, 3 (2d Cir.2005) (unpublished), the court said, "[W]hen an officer has evidence that a defendant has engaged in conduct proscribed by law—whether

transporting a quantity of drugs, possessing a stolen item, or driving with a suspended license—he has probable cause to arrest the person even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial." And in *United States v. Quintana*, 594 F. Supp. 2d 1291, 1298 (M.D. Fla. 2009), the court addressed a Florida arrest on all fours with the arrest at issue here.  The court held that an officer had probable cause to arrest a person who was driving with a suspended license, even in the absence of any other evidence that the person knew his license was suspended.

Probable cause is a complete defense to Mr. Hanson's federal and state claims.  His claims thus must be dismissed.

IV

An alternative basis for dismissing Mr. Hanson's *federal* claims against Officer Greenfield individually is qualified immunity.  Qualified immunity applies to federal damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  *See generally Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Thus a public officer may be held individually liable only if the officer's conduct violates clearly established law.

No clearly established law indicated that an officer could not make an arrest in these circumstances.  Quite the contrary.  As set out above, the weight of

authority indicated that an arrest was proper.  Officer Greenfield has qualified immunity.

V

An alternative basis for dismissal of Mr. Hanson's *state* claims against Officer Greenfield is the Florida statutory limitation on claims against public employees.  Under Florida law, a public employer is vicariously liable for an employee's tortious conduct, and the employee is *not* liable, unless the employee acted outside the scope of the employee's duties or acted in bad faith—that is, "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).  When, as here, the weight of authority indicates the officer's actions are lawful, it cannot be said that the officer acted in bad faith.  Mr. Hanson has not alleged a basis for holding Officer Greenfield individually liable under state law.

VI

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 22, is ACCEPTED.

2. The motion to dismiss, ECF No. 6, is GRANTED.

3.	The clerk must enter judgment stating, "The plaintiff Cliff O. Hanson's claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted."

4.	The clerk must close the file.

SO ORDERED on April 22, 2014.

>	s/Robert L. Hinkle
>	United States District Judge